NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4343-14T1

IN THE MATTER OF THE APPLICATION
FOR PERMIT TO CARRY A HANDGUN
OF JOHN L. REIDER.
___________________________________

 Submitted October 31, 2016 – Decided April 3, 2017

 Before Judges Nugent and Haas.

 On appeal from Superior Court of New Jersey,
 Law Division, Union County.

 Evan F. Nappen, attorney for appellant John
 L. Reider (Louis P. Nappen, on the briefs).

 Grace H. Park, Acting Union County Prosecutor,
 attorney for respondent State of New Jersey
 (Milton S. Leibowitz, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM

 A month after the Rahway Police Chief granted petitioner John

L. Reider's application to renew his permit to carry a handgun, a

Law Division judge denied the application. Petitioner appealed

from the judge's April 20, 2015 memorializing order. We affirm.

 We derive the following procedural history and facts from the

record on appeal. In March 2015, petitioner filed his renewal
application for a permit to carry a handgun. On his application,

he listed his occupation as a "Security Guard/Private

Investigator" with Armor Security, Inc., in Elizabeth. Petitioner

attached three endorsements to his application attesting to his

good moral character and behavior, and his ability to exercise

self-control. He also attached his employer's letter stating, in

part:

 Mr. Reider will be responsible for the safety
 and welfare of employees and customers, he
 acts as a deterrent, and protects property and
 reduces losses. Armor Security[,] Inc. is
 under contract to respond to burglary alarms,
 and also Mr. Reider will also be involved in
 surveillances, stakeouts, undercover
 assignments, fugitive recovery, criminal
 investigations, high value payroll
 protection, high value truck escorts, alarm
 responses and building searches which require
 apprehending intruders and holding them for
 local police arrests. In addition, Mr. Reider
 will frequently be assigned to armed accounts
 and to hold shifts for armed officers on
 vacation or sick leave.

 . . . .

 The execution of the aforementioned duties
 subjects Mr. Reider to a substantial threat
 to serious bodily harm. It is imperative that
 Mr. Reider be permitted to carry a handgun
 since he will be thrust into situations where
 the presence of a handgun will reduce the
 threat of unjustifiable harm to both Mr.
 Reider and those individuals on whose behalf
 he is assigned to perform investigations or
 protect.

 2 A-4343-14T1
 Petitioner's application included a second letter from the

Managing Member of GDNJ, LLC, who stated petitioner would also be

employed by that company as an armed security officer. The letter

continued:

 His duties will include but not be limited to:
 (Uniformed or client requirements) of: armed
 cash courier, armed payroll escort, armed bank
 guard, special protection services of
 individuals, transportation of valuables,
 etc. recovery services, investigations etc.
 The employee will carry the firearm only while
 on duty or on assignment for the company and
 to and from his home.

 An example of an assignment would be the
 protection of individuals who repair ATM
 machine[s] throughout the State. . . . The
 technician will proceed to fix the machine;
 this may require the technician to open the
 safe to fix the ATM. This exposes currency
 in the hundreds of thousands. . . . One
 technician can have one to ten calls a night
 in their designated county. A security guard
 is needed to protect the technician from being
 hurt and or robbed.

 After evaluating the submissions, Judge Stuart Peim denied

petitioner's application. In a written statement of reasons

appended to the denial order, the judge first noted the application

listed only Armor Security, Inc., as petitioner's employer. For

that reason, the judge did not consider the GDNJ letter. After

reviewing petitioner's application and relevant case law, the

judge concluded:

 3 A-4343-14T1
 In the instant case, the applicant has not
 shown specific threats against his person.
 Employer's letter of need asserts that "It is
 imperative that Mr. Reider be permitted to
 carry a handgun since he will be thrust into
 situations where the presence of a handgun
 will reduce the threat of unjustifiable harm
 to both Mr. Reider and those individuals on
 whose behalf he is assigned to perform
 investigations or protect." However, the
 Employer's letter does not outline specific
 occasions when this employee, its clients or
 others have been subject to such danger.
 These bare statements do not provide
 information necessary to meet the required
 criteria set forth in our case law. Applicant
 has not shown any danger to the applicant or
 to others associated with this employment or
 locations with the required specificity.
 Although applicant submitted a letter of need
 from GDNJ Protective Services LLC, an armored
 security agency involved with the protection
 of ATM machine technicians, this employer is
 not included in the application for renewal
 of permit to carry a handgun . . .
 Accordingly, the stringent requirements of our
 law have not been satisfied and as such this
 application is DENIED.

 We affirm, substantially for the reasons expressed by Judge

Peim. New Jersey's handgun licensing provisions are contained in

N.J.S.A. 2C:58-4. The statute provides in pertinent part:

 If the application has been approved by the
 chief police officer or the superintendent,
 as the case may be, the applicant shall
 forthwith present it to the Superior Court of
 the county in which the applicant resides, or
 to the Superior Court in any county where he
 intends to carry a handgun, in the case of a
 nonresident or employee of an armored car
 company. The court shall issue the permit to
 the applicant if, but only if, it is satisfied

 4 A-4343-14T1
 that the applicant is a person of good
 character who is not subject to any of the
 disabilities set forth in [N.J.S.A.] 2C:58-
 3c., that he is thoroughly familiar with the
 safe handling and use of handguns, and that
 he has a justifiable need to carry a handgun.
 The court may at its discretion issue a
 limited-type permit which would restrict the
 applicant as to the types of handguns he may
 carry and where and for what purposes such
 handguns may be carried.

 [N.J.S.A. 2C:58-4(d).]

 "[E]mployees of a private-security agency have [no] preferred

right by virtue of their status to obtain a permit to carry a

gun." In re Preis, 118 N.J. 564, 566 (1990). The statute makes

an exception only for employees of armored-car companies. See

N.J.S.A. 2C:58-4.1. Thus, petitioner was required to comply with

N.J.A.C. 13:54-2.4, which provides:

 (d) Each application form shall also be
 accompanied by a written certification of
 justifiable need to carry a handgun, which
 shall be under oath and which:

 . . . .

 2. In the case of employees of private
 detective agencies, armored car companies and
 private security companies, that:

 i. In the course of performing
 statutorily authorized duties, the applicant
 is subject to a substantial threat of serious
 bodily harm; and

 ii. That carrying a handgun by the
 applicant is necessary to reduce the threat

 5 A-4343-14T1
 of unjustifiable serious bodily harm to any
 person.

We agree with Judge Peim that conclusory assertions parroting

statutory language are insufficient to satisfy the statutory

requirements for obtaining a permit to carry a handgun.

 Petitioner's contention that the statute as applied to him

violates the separation of powers doctrine is unavailing. As our

Supreme Court has explained:

 So concerned is the Legislature about this
 licensing process that it allows only a
 Superior Court judge to issue a permit, after
 applicants first obtain approval from their
 local chief of police. In this (as perhaps
 in the case of election laws) the Legislature
 has reposed what is essentially an executive
 function in the judicial branch. We have
 acceded to that legislative delegation because
 "[t]he New Jersey Legislature has long been
 aware of the dangers inherent in the carrying
 of handguns and the urgent necessity of their
 regulation," although we "might well have
 declined the designation" because the
 "functions . . . were clearly non-judicial in
 nature." Siccardi v. State, 59 N.J. 545, 553
 (1971).

 [Preis, supra, 118 N.J. at 569.]

 Petitioner also asserts he was denied due process. He argues

he should have been afforded a hearing and that the judge should

have considered the Police Chief's reasons for granting the permit.

Petitioner does not discuss, however, under what circumstances

process is due. The licensing statute provides that "[i]f the

 6 A-4343-14T1
superintendent or chief police officer approves an application and

the Superior Court denies the application and refuses to issue a

permit, the applicant may appeal such denial in accordance with

law and the rules governing the courts of this State." N.J.S.A.

2C:58-4(e). Petitioner has cited no authority to support his

argument that a hearing is required in matters involving

perfunctory licensing applications. Significantly, he was

afforded the opportunity to provide with his application the

information necessary to satisfy the statutory criteria.

 We have considered petitioner's remaining arguments and found

them to be without sufficient merit to warrant further discussion.

R. 2:11-3(e)(1)(E).

 Affirmed.

 7 A-4343-14T1